EDOK - Application for Search Warrant (Revised 5/13)

# United States District Court

## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF** | SEALED |
| **GOOGLE ACCOUNT ▮▮▮▮▮▮ AND INFORMATION STORED AT PREMISES CONTROLLED BY GOOGLE LLC** | **Case No.** 21-MJ-202-KEW |

## APPLICATION FOR SEARCH WARRANT

I, Dustin Thornton, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the **NORTHERN** District of **CALIFORNIA** *(identify the person or describe property to be searched and give its location)*:

> **SEE ATTACHMENT "A"**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

> **SEE ATTACHMENT "B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of Title 18, United States Code, Sections 371, 922, 924, Title 21, Section 841, and Title 26, Section 5861, and the application is based on these facts:

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Dustin Thornton, Task Force Officer
Federal Bureau of Investigation

Sworn to before me and signed in my presence.

Date: <u>April 28, 2021</u>

_____
*Judge's signature*

City and state: <u>Muskogee, Oklahoma</u>

<u>UNITED STATES MAGISTRATE JUDGE</u>
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Dustin Thornton, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am employed by the Oklahoma Highway Patrol. I am a peace officer under the laws of Oklahoma and have the authority to investigate motor vehicle collisions and to assist other law enforcement agencies with the investigation of motor vehicle collisions. I have 17 years of law enforcement experience. I have been employed with the Oklahoma Highway Patrol for the past 12 years and graduated from the Oklahoma Highway Patrol Academy in 2009. I have attended over 4500 hours of Law Enforcement continuing education. During my training, I have received significant instruction in the field of vehicle collision investigations. During my career, I have investigated over 500 motor vehicle collisions.

2.      I am "an investigative or law enforcement officer of the United States" within the meaning defined in 18 U.S.C. § 2510 (7), in that I am also a Task Force Officer assigned to the Federal Bureau of Investigation (FBI) Oklahoma Safe Trails Task Force. I am authorized by law to conduct investigations of traffic fatalities and collisions that occur in Indian Country as that term is defined in 18 U.S.C. § 1151.

3.      I make this affidavit in support of an application for a search warrant for information associated with a certain Google Account ID ████████ ("the SUSPECT ACCOUNT"), that is stored at premises controlled by Google LLC, an electronic communication service and remote computing service provider headquartered in Mountain View, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Google LLC to disclose to the Government copies of the information

further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, Government-authorized persons will review the information to locate items described in Section II of Attachment B.

4. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code Sections 13, 1151, and 1152 as well as a violation of Title 47, Oklahoma Statutes, Section 10-102.1, have been committed by unknown person(s). There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## BACKGROUND RELATING TO GOOGLE AND RELEVANT TECHNOLOGY

7. Based on my training and experience, I know that cellular devices, such as mobile telephone(s), are wireless devices that enable their users to send or receive wire and/or electronic communications using the networks provided by cellular service providers. Using cellular networks, users of many cellular devices can send and receive communications over the Internet.

8. I also know that many devices, including but not limited to cellular devices, have the ability to connect to wireless Internet ("wi-fi") access points if the user enables wi-fi connectivity. These devices can, in such cases, enable their users to send or receive wire and/or

electronic communications via the wi-fi network. A tablet such as an iPad is an example of a device that may not have cellular service but that could connect to the Internet via wi-fi. Wi-fi access points, such as those created through the use of a router and offered in places like homes, hotels, airports, and coffee shops, are identified by a service set identifier ("SSID") that functions as the name of the wi-fi network. In general, devices with wi-fi capability routinely scan their environment to determine what wi-fi access points are within range and will display the names of networks within range under the device's wi-fi settings.

9.      Based on my training and experience, I also know that many devices, including many cellular and mobile devices, feature Bluetooth functionality. Bluetooth allows for short-range wireless connections between devices, such as between a device such as a cellular phone or tablet and Bluetooth-enabled headphones. Bluetooth uses radio waves to allow the devices to exchange information. When Bluetooth is enabled, a device routinely scans its environment to identify Bluetooth devices, which emit beacons that can be detected by devices within the Bluetooth device's transmission range, to which it might connect.

10.     Based on my training and experience, I also know that many cellular devices, such as mobile telephones, include global positioning system ("GPS") technology. Using this technology, the device can determine its precise geographical coordinates. If permitted by the user, this information is often used by applications (apps) installed on a device as part of the apps' operation.

11.     Based on my training and experience, I know Google is a company that, among other things, offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Nearly every device using the Android operating system has an associated

Google account, and users are prompted to add a Google account when they first turn on a new Android device.

12.    In addition, based on my training and experience, I know that Google offers numerous apps and online-based services, including messaging and calling (*e.g.,* Gmail, Hangouts, Duo, Voice), navigation (Maps), search engine (Google Search), and file creation, storage, and sharing (*e.g.*, Drive, Keep, Photos, and YouTube).  Many of these services are accessible only to users who have signed in to their Google accounts.  An individual can obtain a Google account by registering with Google, and the account identifier typically is in the form of a Gmail address (*e.g.*, example@gmail.com).  Other services, such as Maps and YouTube, can be used with limited functionality without the user being signed into a Google account.

13.    Based on my training and experience, I also know Google offers an Internet browser known as Chrome that can be used on both computers and mobile devices.  A user has the ability to sign-in to a Google account while using Chrome, which allows the user's bookmarks, browsing history, and other settings to be uploaded to Google and then synced across the various devices on which the subscriber may use the Chrome browsing software, although Chrome can also be used without signing into a Google account.  Chrome is not limited to mobile devices running the Android operating system and can also be installed and used on Apple devices and Windows computers, among others.

14.    Based on my training and experience, I know that, in the context of mobile devices, Google's cloud-based services can be accessed either via the device's Internet browser or via apps offered by Google that have been downloaded onto the device.  Google apps exist for, and can be downloaded to, devices that do not run the Android operating system, such as Apple devices.

15.    According to my training and experience, as well as open-source materials published by Google, I know that Google offers accountholders a service called "Location History," which authorizes Google, when certain prerequisites are satisfied, to collect and retain a record of the locations where Google calculated a device to be based on information transmitted to Google by the device.  That Location History is stored on Google servers, and it is associated with the Google account that is associated with the device.  Each accountholder may view their Location History and may delete all or part of it at any time.

16.    Based on my training and experience, I know that the location information collected by Google and stored within an account's Location History is derived from sources including GPS data and information about the wi-fi access points and Bluetooth beacons within range of the device.  Google uses this information to calculate the device's estimated latitude and longitude, which varies in its accuracy depending on the source of the data.  Google records the margin of error for its calculation as to the location of a device as a meter radius, referred to by Google as a "maps display radius," for each latitude and longitude point.

17.    Based on open-source materials published by Google and my training and experience, I know that Location History is not turned on by default.  A Google accountholder must opt-in to Location History and must enable location reporting with respect to each specific device and application on which they use their Google account in order for that usage to be recorded in Location History.  A Google accountholder can also prevent additional Location History records from being created at any time by turning off the Location History setting for their Google account or by disabling location reporting for a particular device or Google application.  When Location History is enabled, however, Google collects and retains location data for each device with Location Services enabled, associates it with the relevant Google account, and then

uses this information for various purposes, including to tailor search results based on the user's location, to determine the user's location when Google Maps is used, and to provide location-based advertising. As noted above, the Google accountholder also has the ability to view and, if desired, delete some or all Location History entries at any time by logging into their Google account or by enabling auto-deletion of their Location History records older than a set number of months.

18. Location data, such as the location data in the possession of Google in the form of its users' Location Histories, can assist in a criminal investigation in various ways. As relevant here, I know based on my training and experience that Google has the ability to determine, based on location data collected and retained via the use of Google products as described above, devices that were likely in a particular geographic area during a particular time frame and to determine which Google account(s) those devices are associated with. Among other things, this information can indicate that a Google accountholder was near a given location at a time relevant to the criminal investigation by showing that his/her device reported being there.

19. Based on my training and experience, I know that when individuals register with Google for an account, Google asks subscribers to provide certain personal identifying information. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, this information often provide clues to their identity, location, or illicit activities.

20.    Based on my training and experience, I also know that Google typically retains and can provide certain transactional information about the creation and use of each account on its system. This information can include the date on which the account was created, the length of service, records of login (*i.e.,* session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account.  In addition, Google often has records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account.  Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

21.    Based on my training and experience, I also know that Google retains and stores electronic communications, visual depictions, and search queries generated by users with their applications such as Gmail, Hangouts, Duo, Voice, Drive, and Search. on a cloud-based server so that users can access and obtain their communications, pictures/videos, and queries from other devices. Likewise, users of Android phones can back-up and sync their text and media messages, phone calls, and voicemails to their cloud-based server.

**PROBABLE CAUSE**

22.    On March 18, 2021, at 21:54 hours, a fatal traffic collision occurred at the intersection of U.S. Highway 62 and South 460 Road in Cherokee County, Oklahoma. This location is within the Eastern District of Oklahoma and within the definition of "Indian Country" as it occurred within the boundaries of the Cherokee Nation Reservation.

23.     Troopers of the Oklahoma Highway Patrol, including myself, were dispatched to the scene. Based on our observation of evidence at the scene, including debris from a vehicle, and speaking to witnesses, investigators determined that a female later identified as J███ D███, was travelling southbound on South 460 Rd. on her bicycle and was attempting to cross U.S. 62, when she was struck by an unknown vehicle travelling westbound on U.S. 62. D███ was assisted by another motorist until she was transported by air ambulance to St. John Hospital in Tulsa. She later died from her injuries. D███ was confirmed as a member of the Cherokee Nation.

24.     Based on small fragments collected from the scene of the collision, I believe the suspect vehicle to be white.

25.     The location of the collision is a rural, four-lane highway separated by an unimproved median. There are no traffic control devices. There are a small number of commercial businesses and residences located near the intersection. I was able to retrieve surveillance video from several nearby businesses. A review of the videos shows that the collision occurred at 21:54 hours and that shortly after the collision, the suspect vehicle pulled over to the shoulder of the highway a short distance from the collision. The suspect vehicle stopped for approximately 10 seconds before resuming westbound travel on U.S. 62 and leaving the scene. In the one-minute timespan after the collision, the videos show six other vehicles travelling through the collision area. Five of the six vehicles are travelling eastbound.

26.     On April 7, 2021, I obtained a search warrant ordering Google LLC to create a historical "geo-fence," comprised of a geographical area approximately 1000' by 170' surrounding the area of the collision for a period two minutes before and two minutes after the collision and to disclose to the Government any geolocation data held by Google as well as any identifying information for Google Accounts within that geo-fence during the aforementioned time period.

27.     Google LLC initially produced said geolocation data in an anonymized format, which revealed a device that crossed through the geofence from 21:54:18 to 21:54:35 with three location datapoints within the geofence. The timing and location of the datapoints is consistent with the device travelling westbound on U.S. 62 at the exact moment of the collision and is consistent with the behavior of the suspect vehicle on video. As a result, and in accordance with the warrant, I requested that Google LLC identify the account and basic subscriber information associated with said device.

28.     Google LLC revealed that the Google Account associated with the said device is ▆▆▆▆▆▆▆ ("SUSPECT ACCOUNT"). The name associated with the account is "s▆▆▆ f▆▆▆▆" with an email of ▆▆▆▆▆▆▆@gmail.com." The account was created on March, 1, 2011 and uses a number of Google services and applications, including Web & App Activity, Gmail, Google Hangouts, iGoogle, Profiles, YouTube, Google Voice, Google Photos, Google Drive, Android, Google Calendar, Google Chrome Sync, Google Play Music, Google Docs, Google Play, Google Takeout, Location History, Google Cloud Print, Blogger, Google My Maps, Is In Family, Google Payments, Google Keep, G1 Phone Backup, Play Loyalty, Device Centric Auth, Android Device Console, Has Google One Membership Information. Two cellphone numbers associated with the account are ▆▆▆▆▆-1695 and ▆▆▆▆▆-2760. The account continues to be active, with the most recent login (at the time the data was compiled in response to the search warrant) being April 11, 2021.

29.     I conducted a search of law enforcement databases for "S▆▆ F▆▆▆▆" and "S▆ S▆▆▆" I located a S▆▆ F▆▆▆ who has 2 listed addresses, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆ and ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Based on my familiarity with the area, and with the assistance of Google Maps, I estimate it would take

approximately an hour to travel from the scene of the crash to either ██████████,

████████████████████ or ████████████ ████████████████████.

When I accessed Google Maps, the *street view* of ██████████████████████████

showed a black vehicle in the driveway. The street view was dated April 2012:



However, when I switched from street-view to *satellite view*, I observed a white vehicle in the driveway of ███████████████████████. This satellite image was from 2021:



Additionally, when officers conduct a drive-by of the second address, ████████████████████, ████████████████████ they observed a white vehicle on the street in front of the house.

30.     To determine who was actually using the said device with the Suspect Account at the time of the collision, the route of the suspect vehicle before and after the collision, any potential motive for fleeing the scene of the collision, potential witnesses or locations visited before or after the collision, as well as any potential attempts to tamper with evidence by altering or concealing the suspect vehicle, I am requesting all Location History for the SUSPECT ACCOUNT for a period from 10:00am on March 18, 2021 (approximately 12 hours before the crash) until 10:00pm on March 25, 2021 (one week after the crash).

31.     Additionally, based on my training and experience, it is not uncommon for persons involved in hit-and-run collisions to call, text, or otherwise inform close family members or friends of the collision, ask for assistance after the collision, and/or take steps to tamper with their vehicle after the collision, such a taking the vehicle to a car wash, auto repair shop, or to otherwise alter, repair, or dispose of the vehicle. As a result, I am also requesting any stored communications, such as text messages, media messages, VoIP (voice over Internet Protocol) calls, instant messages, or emails, any stored visual depictions, such as photos or videos, and any browsing history or search queries generated by the SUSPECT ACCOUNT during the aforementioned time frame and held or retained by Google LLC in electronic storage.

## **CONCLUSION**

32.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c), authorizing the search of the property described in Attachment A and directing direct Google to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

33.     Additionally, because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

_____
Dustin Thornton, Task Force Officer
Federal Bureau of Investigation

Sworn to and subscribed to before me April 28, 2021.

_____
United States Magistrate Judge
Eastern District of Oklahoma

## <u>ATTACHMENT A</u>

### Property To Be Searched

This warrant applies to records and information associated with Google Account ID

 that is held by and stored at premises controlled by Google

LLC, headquartered in Mountain View, California.

## ATTACHMENT B

### Particular Items to Be Seized

I.    **Information to be Disclosed by Google**

Google LLC shall disclose the following information or records pertaining to the SUSPECT ACCOUNT within its possession, custody, or control, including any information or records that have been deleted by the subscriber but still available to Google, from a time period starting on 03-18-21 at 10:00am (CST) until 03-25-21 at 10:00pm (CST):

(1) Google account identifier and basic subscriber information;

(2) Location History data for the Suspect Account during the specified time frame, sourced from information including GPS data and information about visible wi-fi points and Bluetooth beacons transmitted to Google, including the date and time, latitude and longitude, source, and display radius of each location datapoint;

(3) All wire or electronic or wire communications sent, received, drafted, or generated by the Suspect Account during the specified time frame, including but not limited to text messages, media messages, VoIP (voice over Internet Protocol) calls, instant messages, or emails, including the date and time of the communication, the content of the communication, method of communication, the source and destination of the communication;

(4) All visual depictions, such as photos or videos, sent, received, drafted, or generated by the Suspect Account during the specified time frame; and

(5) Any browsing history or search queries generated by the Suspect Account during the specified time frame.

Google LLC shall provide said information and records with an affidavit or sworn declaration certifying the authenticity of said records in accordance with Rule 902(11) of the Federal Rules of Evidence.

## II.  Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code Sections 13, 1151, and 1152 as well as a violation of Title 47, Oklahoma Statutes, Section 10-102.1 on March 18, 2021 involving unknown person(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.