# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SILVIA VERONICA FUENTES,<br><br>Defendant. | Case No. CR-21-358-RAW |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Objection [Dkt. No. 154] to Magistrate Judge Robertson's Findings and Recommendation [Dkt. No. 147] Granting Defendant's Opposed Motion to Suppress Evidence Obtained by Google "Geofence" Search Warrant [Dkt. No. 39].

The indictment charges the Defendant with a Failure to Stop for a Accident Involving Death in Indian Country pursuant 18 U.S.C. §§ 13, 1151, 1152 and 47 Okla. Stat. § 10-102.22. Defendant moved to suppress evidence collected from a Google geofence warrant that provided law enforcement with the cell phone information of google users who were around an alleged hit and run accident. Dkt. No. 39. Magistrate Judge Robertson advised that the Motion be granted.

The United States timely objected arguing: (1) that the Magistrate Judge incorrectly determined that the Defendant had a Reasonable Expectation of Privacy

1

regarding the location information in the Geofence Warrant; (2) the Geofence warrant properly articulated sufficiently particular probable cause; and (3) that the Good Faith exception applies to prevent the suppression of the evidence. Dkt. No. 154.

## LAW REGARDING OBJECTIONS TO MAGISTRATE JUDGE FINDINGS RECOMMENDATIONS

District courts may refer suppression motions to a Magistrate Judge for a recommended disposition. *See* Fed. R. Crim. P. 59(b)(1) ("A district judge may refer to a magistrate judge for recommendation a defendant's ... motion to suppress evidence.... The magistrate judge must promptly conduct the required proceedings."). Rule 59(b)(2) of the Federal Rules of Criminal Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, ... a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). *United States* v. *James*, 406 F. Supp. 3d 1025, 1028 (D.N.M. 2019). When resolving objections to a magistrate judge's proposal, "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 59(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

Magistrate Judge Robertson found that the warrant violated the Defendant's Fourth amendment rights and could not be saved by the third party doctrine or good faith exceptions. In doing so he relied on *Carpenter* which held that individuals have a right to privacy with respect to their Fourth Amendment data. *See* Dkt. No. 147 at 20 citing *Carpenter* v. *United States*, 585 U.S. 296, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2018). Additionally, the Findings and Recommendation adopted the Fifth Circuit's approach to geofence warrants set forth in Smith*,* which held that the execution of a geofence warrant constitutes a search for fourth amendment purposes. *Id*. citing *United States* v. *Smith*, 110 F.4th 817 (5th Cir. 2024). Magistrate Judge Robertson also found that the third party doctrine did not apply because the opt-in procedure to location sharing cannot be considered "wholly informed and voluntary". *Smith*, 110 F.4th at 835. Finally, the Magistrate Judge found that the good faith exception should not apply because Officer Thornton had very little actual knowledge of the information he testified to in his affidavit, and he failed to include information regarding privacy protections in the search. Dkt. No. 147 at 26.

After a de novo review of the briefing, case law, and a transcript of the evidentiary hearing in this case the Court determines that the Findings and Recommendation [Dkt. No. 147] is well supported by the record and the prevailing legal authority. The objection [Dkt. No. 154] is OVERRULED and the Findings and Recommendation [Dkt. No.147] is hereby affirmed and adopted as this Court's Findings and Order. Therefore, Defendant's Opposed Motion to Suppress Evidence Obtained by Google "Geofence" Search Warrant [Dkt. No. 39] is hereby GRANTED.

SO ORDERED this 13th day of February, 2025

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE