# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SILVIA VERONICA FUENTES,<br><br>Defendant. | Case No. CR-21-358-RAW |

# ORDER

Before the Court is the United States' Motion for Reconsideration of Order Adopting Report and Recommendation [Dkt. No. 169]. For the foregoing reasons, the Motion is DENIED.

The Federal Rules of Criminal Procedure do not expressly authorize a motion for reconsideration. *United States* v. *Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). However, "[m]otions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States* v. *Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "A district court has considerable discretion in ruling on a motion to reconsider." *United States* v. *Loera*, 182 F.Supp.3d 1173, 1202 (D.N.M. April 19, 2016). "The specific grounds which allow granting such motions include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *United States* v. *Warren*, 22 F.4th 917, 927 (10th Cir. 2022) (citing *Christy*, 739 F.3d at 539). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law ...." *Servants of Paraclete* v. *Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior

briefing." *Id.*; *see also United States* v. *Huff*, 782 F.3d 1221, 1224 (10th Cit. 2015) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."). In the present case, the Government moves for reconsideration arguing that this Court failed to set forth a "detailed legal analysis" in its order adopting the Report and Recommendation and also argues that the Magistrate Judge failed to adequately engage with two cases cited by the Government *United States* v. *Chatrie*, 107 F.4th 319 (4th Cir. 2024) and *United States* v. *Davis*, 109 F.4th 1320 (11th Cir. 2024). [Dkt. No. 169 at 1].

When deciding whether a Court's review of a Report and Recommendation is adequate, the Tenth Circuit has held that "the district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Northington* v. *Marin*, 102 F.3d 1564, 1570 (10th Cir.1996). This Court reviewed the entire record before the Magistrate Judge and the Objections to the Report and Recommendation and agreed with Judge Robertson's conclusion. Engaging in a blow by blow retelling of the entire analysis would be duplicative and inefficient. Furthermore, the Government failed to show that there are grounds for this Court to reconsider its ruling. The Government does not suggest that it has any new evidence, there has been an intervening change in law, or that this court has committed clear error. It simply argues that the Magistrate did not adequately address, *Chatrie*, a case that may soon be overturned as it is currently awaiting en banc rehearing in the Fourth Circuit, and *Davis*, a case with entirely different facts from the present case, where the Eleventh Circuit held that the defendant lacked Fourth Amendment standing to challenge a government search of his girlfriend's phone. *See, United States* v. *Chatrie*, No. 22-4489, 2024 WL 4648102, at *1 (4th Cir. Nov. 1, 2024), *Davis*,109 F.4th 1320.

Neither of these cases provide an adequate reason to disturb this Court's previous ruling. Therefore, because the Government failed to show that there were any legal or factual errors either in the Magistrate's Report and Recommendation or any inadequacies the Order from this Court, The Government's Motion to Reconsider Dkt. No. 169 is hereby DENIED.

IT IS SO ORDERED this 8th day of April 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE